UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) 1:98-cr-00025-AKK-SGC-1 |
| MICHAEL JOSEPH CARPENTER, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Michael Joseph Carpenter filed a *pro se* motion to expunge his record of convictions for theft of government property from over 20 years ago. Doc. 21. Unfortunately, however, the court lacks the power to expunge Carpenter's record for the grounds he raises and must deny his motion.

## I.

There is no specific federal statute empowering the court to erase Carpenter's record of these particular convictions.[1] Moreover, "federal law does not offer a specific statute authorizing the general expungement of a criminal record," *United States v. Adalikwu*, 757 F. App'x 909, 911 (11th Cir. 2018), and "[t]here is no

---

[1] Congress has authorized district courts to expunge records with regard to specific criminal statutes. *See* 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3523.2 (3d ed. updated May 23, 2022) ("In limited circumstances, federal law expressly permits expungement, so ancillary jurisdiction is not necessary.") (citing 10 U.S.C. § 1565(e); 18 U.S.C. § 3607(c); 42 U.S.C. § 14132(d)). However, these statutes do not apply to Carpenter's case.

specific constitutional or general statutory right to expungement," *United States v. Carson*, 366 F. Supp. 2d 1151, 1154 (M.D. Fla. 2004).  "Unlike many state legislatures, Congress has not enacted legislation providing for the expungement of criminal records."  *Hall v. Alabama*, No. 2:09-cv-342-MHT, 2010 WL 582076, at *7 (M.D. Ala. Feb. 18, 2010).  Thus, the court must determine whether it has ancillary jurisdiction over Carpenter's motion.[2]  *See United States v. Waybright*, No. 2:05-cr-00240-LSC-JEO, 2020 WL 4464476, at *1 (N.D. Ala. Aug. 4, 2020).

### A.

Ancillary jurisdiction exists "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Adalikwu*, 757 F. App'x at 911 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994)).  While the courts of appeals disagree on whether federal courts have ancillary jurisdiction to expunge criminal records, prior to 2018, several courts within this Circuit had recognized expungement as "a proper judicial function" subject to "equitable discretion."  *See, e.g.*, *United States v. Johnson*, 714 F. Supp. 522, 523–24 and n.1

---

[2] "Ancillary jurisdiction" refers to federal courts' power to adjudicate "some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  The question here is whether the court, while exercising jurisdiction over Carpenter's criminal action, can exercise ancillary jurisdiction over his request to expunge the record of that action.

2

(S.D. Fla. 1989). In 2018, however, the Eleventh Circuit held that a district court lacked subject-matter jurisdiction to expunge the records of a defendant's arrest, conviction, and sentence on the basis of equitable concerns, including difficulty finding employment and reputational harm. *Adalikwu*, 757 F. App'x at 912.[3]

B.

In 1998, Carpenter pleaded guilty to theft of government property in violation of 18 U.S.C. § 641. *See* doc. 18 at 1. Judge U.W. Clemon sentenced Carpenter to 48 months of probation, to run concurrently with Carpenter's probationary sentence in a case before Judge T. Michael Putnam.[4] *See id.* at 3. In support of his expungement motion, Carpenter says that he has never been convicted of a violent offense; has not been convicted of a nonviolent offense other than these convictions; and has since, among other things, pursued and obtained advanced degrees, maintained employment with the U.S. Army and state police, and raised a family. *See* doc. 21 at 1–2. Carpenter asks the court to expunge his convictions so he "can

---

[3] In *Adalikwu*, the Circuit applied *Kokkonen*'s test for ancillary jurisdiction and noted first that the grounds for the defendant's expungement request—reputational damage and difficulty finding work—were not interdependent with the facts of his arrest and conviction because they arose after those events and were external to the criminal case. 757 F. App'x at 912. The Circuit also explained that "the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully as a court" because "[t]he essential business of the court as it related to [the defendant] was completed after it vacated his conviction and sentence." *Id.* (emphasis omitted). Concluding that the defendant's request "sound[ed] in equity," the Circuit affirmed the district court's denial of the expungement motion for lack of subject-matter jurisdiction. *Id.*

[4] Carpenter also asks the court to expunge this conviction, but this case was never assigned to the undersigned. *See generally* case no. 1:97-cr-00395-TMP-1.

3

continue to play a positive role in society and in the life of [his] family" and "not be chained down and haunted by [his] past." *Id.* at 2.  The court recognizes Carpenter's achievements and believes that his previous convictions should no longer blight his record or hinder any future opportunities.  However, in light of *Adalikwu*, the court frustratingly lacks the authority to clear Carpenter's record.

## II.

"Because judicial expungement of criminal records implicates the separation of powers doctrine," Congress must act or otherwise authorize courts to expunge records like Carpenter's.  *See United States v. Tyler*, 670 F. Supp. 2d 1346, 1349 n.8 (M.D. Fla. 2009).  Carpenter's motion, doc. 21, is unfortunately **DENIED**.

**DONE** the 24th day of August, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE